[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (DOCKET ENTRY NO. 124)
The plaintiff, Mark DelVecchio, has filed a two-count amended complaint against the defendants, Liberty Electric Co., Inc. ("Liberty") and ATT on July 8, 1997, seeking damages for injuries suffered while working for Satin American Corporation ("Satin"). Thereafter, Liberty filed an amended three-count third-party complaint against DelVecchio's employer, Satin, on November 12, 1998. In the third party complaint, Liberty alleges that if the plaintiff was injured, his injuries were caused by the negligence of Satin.
The court previously granted Satin's motion to strike counts one and two of Liberty's indemnification complaint, holding that Liberty failed to plead outside the exclusivity of workers' compensation. DelVecchio v. Liberty Electric Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket no. 343903 (October 27, 1998, Melville, J,).
The amended complaint is identical to the original complaint except that Liberty pleads in the fourth paragraph of counts one and two that the contractual relationship between itself and Satin created an independent relationship between the parties. Counts one and two go on to allege that Satin breached its contractual obligations.
The allegation that a contractual relationship existed between Liberty and Satin and created an independent relationship between them is a legal conclusion. "`By merely alleging that an indemnity agreement exists, and not alleging facts such as the contract language stating the indemnification terms, [the party seeking indemnification] has pled inadmissible legal conclusions.'" Hartford Casualty Ins. Co. v. Mansfield, Superior Court, judicial district of Hartford/New Britain at New Britain, CT Page 4147 Docket No. 450750 (May 24, 1993, Langenbach, J.) (8 C.S.C.R. 659) quoting Cartier v. Stop Shop Co., Inc., Superior Court, judicial district of Ansonia/Milford at Milford, Docket no. 031573 (November 26, 1991, Maiocco, J.) (1 Conn. L. Rptr. 260, 261) (motion to strike for legal insufficiency granted where third party plaintiffs alleged contract indemnification but did not allege contract terms of indemnification).
Accordingly, Satin's motion to strike counts one and two of Liberty's third party complaint is granted.
SKOLNICK, J.